# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### 20TH DIVISION

(INJURED)
ALL PRETRIAL PRISONERS OF METRO,
NASHVILLE AND DAVIDSON COUNTY, TENN.,
FROM (Name) 2014 UNTIL (CURRENTLY AND 2019)
INTO THE FUTURE

(Prison Id. No.)

*(List the names of all the plaintiffs filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.)*

VAUGHN HARRIS
(Name)

98865
(Prison Id. No.)

Plaintiff(s)

Civil Action No. _____
*(To be assigned by the Clerk's Office. Do not write in this space.)*

AND 3:15-cv-0035 6

v. METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY, TENN,
AND Dr. KRYSTAL LEWIS, and CORRECT CARE
SOLUTIONS, and
THE DAVIDSON COUNTY SHERIFF'S OFFICE STAFF
(Name)
AND ALL EMPLOYEES of CORRECT CARE SOLUTIONS
THAT (Name) Affected OUR medical CARE
At the D.C.S.O. prison jail
Defendant(s)

JURY TRIAL REQUESTED ✓ YES ___ NO

*(List the names of all defendants against whom you are filing this lawsuit. Do you use "et al." Attach additional sheets if necessary.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS FILED
## PURSUANT TO 42 U.S.C. § 1983

I.   PARTIES TO THIS LAWSUIT

   A.   Plaintiff(s) bringing this lawsuit:

   1.   Name of the first plaintiff: VAUGHN HARRIS
        Prison I.D. No. of the first plaintiff: 98865
        Address of the first plaintiff: MCC-D.C.S.O.-Pretrial Prison-Metro
        P.O. Box 196383 Nashville, TN 37219
        (5113 HARDING PLACE, Nashville, TN 37211) - WAS 44 & 2ND Ave North
        (criminal justice center) Nashville, TN 37201
        Status of Plaintiff: CONVICTED (___)    PRETRIAL DETAINEE ( ✓ )

   2.   Name of the second plaintiff: ROBERT FOSTER (INJURED) All (Pretrial DETAINERS) of Metro. Government NASHVILLE, TN
        Prison I.D. No. of the second plaintiff: FROM 2014 to the present in 2019
        Address of the second plaintiff: 5113 HARDING PLACE, Nashville, TN 37211
        (was 448 2nd Ave North, Nashville, TN 37201)

        Status of Plaintiff: CONVICTED (___)    PRETRIAL DETAINEE ( ✓ )

1 of 52 pgs

Revised 11/2014

*(Include the name of the institution and mailing address with zip code for each plaintiff. If any plaintiff changes his or her address, he or she must notify the Court immediately. If there are more than two plaintiffs, list their names, prison identification numbers, and addresses on a separate sheet of paper.)*

    B.   Defendant(s) against whom this lawsuit is being brought:

        1.   Name of the first defendant: *THE METROPOLITAN GOVERNMENT OF NASHVILLE, AND DAVIDSON COUNTY, TENNESSEE AND its STAFF AND AGENTS OF DAVIDSON COUNTY SHERIFFS OFFICE*

           Place of employment of the first defendant: *City of Nashville, Tennessee and (the Davidson County Sheriffs Office Jail or Pretrial Prison)*

           First defendant's address: *Attorney Generals Office, Banks Division P.O. Box 20207, Nashville, Tennessee 37202-0207*

           Named in official capacity? __✓__Yes   ___No
           Named in individual capacity? __✓__Yes   ___No

        2.   Name of the second defendant: *Correct Care Solutions and its STAFF*

           Place of employment of the second defendant: *DAVIDSON COUNTY SHERIFFS OFFICE - 448 2nd Ave North, Nashville, TN 37201*

           Second defendant's address: *1283 Murfreesboro Rd. Suite 500, Nashville, TN 37219 and Metro-D.C.S.O. Attny General, P.O. Box 196300, Nashville, TN 37219*

           Named in official capacity? __✓__Yes   ___No
           Named in individual capacity? __✓__Yes   ___No

*(If there are more than two defendants against whom you are bringing this lawsuit, you must list on a separate sheet of paper the name of each additional defendant, his or her place of employment, address, and the capacity in which you are suing that defendant. If you do not provide the names of such additional defendants, they will not be included in your lawsuit. If you do not provide each defendant's proper name, place of employment, and address, the Clerk will be unable to serve that defendant should process issue.)*

## II.   JURISDICTION

    A.   Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (applies to state prisoners). Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(a)(3).

       If you wish to assert jurisdiction under different or additional statutes, you may list them below:

2

III. **PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)**

   A.   Have you or any of the other plaintiffs in this lawsuit filed any other lawsuit(s) in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?     _X_ Yes     ___No

   B.   If you checked the box marked "Yes" above, provide the following information:

   1.   Parties to the previous lawsuit:

   Plaintiffs *VAUGHN HARRIS (AND ALL) INJURED pretriAL prisoners of METRO. GoVERNMENT Nashville, Tenn. -DAvIDSON County Sheriff's Office JaiL Prison*
   Defendants *METRO. GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY TENNESSEE*

   2.   In what court did you file the previous lawsuit? *20TH District - Middle Tenn.*

   (If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.)

   3.   What was the case number of the previous lawsuit? *3:15 cv:00356*

   4.   What was the Judge's name to whom the case was assigned? *SHARP*

   5.   What type of case was it (for example, habeas corpus or civil rights action)? *Constitutional Rights, Medical cARe, LAW Library Access*

   6.   When did you file the previous lawsuit? (Provide the year, if you do not know the exact date.) *2015 hut wAs denied LAW Library/federal books,*

   7.   What was the result of the previous lawsuit? For example, was the case dismissed or appealed, or is it still pending? *IN Appeal -still pending*

   8.   When was the previous lawsuit decided by the court? (Provide the year, if you do not know the exact date.) *2018 - but its on Appeal*

   9.   Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit?   _✓_ Yes   _✓_ No

   *(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)*

*3*

IV. **EXHAUSTION**

    A.   Are the facts of your lawsuit related to your present confinement?

        _X_ Yes         ___No

    B.   If you checked the box marked "No" in question III.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain. _N/A_

    C.   Do the facts of your lawsuit relate to your confinement in a Tennessee state prison?

        _X_ Yes         ___No

        *(If you checked the box marked "No," proceed to question IV.G. If you checked the box marked "Yes," proceed to question IV.D.)*

    D.   Have you presented these facts to the prison authorities through the state grievance procedure?     _X_ Yes     ___No

    E.   If you checked the box marked "Yes" in question III.D above:

        1.   What steps did you take? _I EXHAUSTED THE METRO. GOVERNMENT D.C.S.O GRIEVANCE PROCESS._

        2.   What was the response of prison authorities? _TO LIE AND DENY THE ALLEGATION'S OR DELAY URGENT NEEDS IN ORDER TO INFLICT UNNECESSARY INJURY._

    F.   If you checked the box marked "No" in question IV.D above, explain why not. _N/A_

    G.   Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?     _X_ Yes     ___No

    H.   If "Yes" to the question above, have you presented these facts to the authorities who operate the detention facility?     _X_ Yes     ___No

    I.   If you checked the box marked "Yes" in question III.H above:

        1.   What steps did you take? _I filed GRIEVANCES TO SUPERIOR STAFF of the METRO. D.C.S.O. STAFF And C.C.S. Medical STAFF._

    4

2. What was the response of the authorities who run the detention facility? *TO LIE, DENY, AND DELAY NEEDS I REQUESTED UNDER METRO'S ABUSE POLICY, CUSTOM, AND LAW 29-20-205 (Tenn.Code Ann.)*

J. If you checked the box marked "No" in question IV.H above, explain why not. *N/A*

_____

_____

_____

## V. CAUSE OF ACTION

Briefly explain which of your constitutional rights were violated:

*Our 8TH, 1ST, and 14TH Amendment RIGHTS of the United States Constitution AND state Rights of pretrial prisoner detainees of Nashville, Tennessee, AMERICA.*

## VI. STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ inch x 11 inch paper. Write on one side only, and leave a 1-inch margin on all 4 sides.

*This is A (Retroactive and current) CLASS ACTION LAWSUIT CLAIM ACTION filed by I, VAUGHN HARRIS, AND Robert Frosoter, individually AND jointly with All other pretrial detainees AND on behalf of All other pretrial prisoner detainees by the Metropolitan Nashville AND Davidson County, Tennessee-Government, AND its AGENTS of the Davidson County Sheriff's Office STAFF, AND its medical AGENTS, Correct Care Solutions, AND it's staff, AND it's agent of dentle care, DR Krystal Lewis, AND dentle Assistant Jenny Jaynes from 2014 until today currently in 2019, for denial of restorable dentle care in a timely manner AND denial of access to Federal LAW materials for several years so I AND other pretrial prisoners of Metro, Nashville, Tennessee Government could not file A NON-frivolous lawsuit against the defendants in a timely manner from 2014 to 2018, and for all other incidents of inflicted Assault and battery and Abuse punishment inflicted upon us Metro Nashville, Tennessee pretrial prisoners from 2015 to 2019 of today or until All (incidents) are redressed by the the courts in relief damages to the plaintiffs. (of injury) 5*

**VII.    RELIEF REQUESTED:** State exactly what you want the Court to order each defendant to do for you.

Count I, VAUGHN HARRIS $250,000.00 in Punitive and Compensatory Damages, and To All other Metro. D.C.S.O. pretrial prisoners, that deserve punitive compensatory and injunctive relief be granted, to correct the federal violations carried out against All us pretrial prisoners detainees from 10-28-2014 until today And currently And into the future for injuctive relief and punitive damages deserved And granted by the court.

I request a jury trial.      _X_ Yes      ___No

**VIII.    CERTIFICATION**

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: _Vaughn Harris_      Date: _8-16-2019_
Prison Id. No. _498865_
Address (Include the city, state and zip code.): _D.C.S.O. P.O. Box 196383, Nashville, TN 37219_
_All METRO. NASHVILLE, TN, PRETRIAL PRISONERS INJURED BY THE MUNICIPALITY_
Signature: _Robert _____ of NASHVILLE, TENN. FROM 2015 to 2019 or until_      Date: _All injuries are redressed._
Prison Id. No. _MANY_
Address (Include the city, state and zip code.): _METRO. NASHVILLE, TENNESSEE DAVIDSON COUNTY SHERIFF'S OFFICE, 448 2ND Ave North, Nashville, TN 37201_

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information requested above. If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT AND (1) THE REQUIRED FILING FEE OR (2) COMPLETED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS TOGETHER.** Complaints received without the required filing fee or application to proceed without prepayment of fees will be returned. Filing fees and applications to proceed without prepayment of fees submitted without a complaint will be returned.

6

CLAIM FOR RELIEF - Fed. R. Civ. P. Rule 8(a)

The U.S. Federal District Court for the Middle District of Tennessee has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §1983 and 42 U.S.C. §§1331(1) and 1343. And this same Federal District Court of Middle Tennessee has (supplemental) jurisdiction over the plaintiff's state law/tort claims under 28 U.S.C. §1367. This suit is filed against all parties executing, of law, policy, and custom, Tennessee Code Annotated 29-20-205, against the plaintiff's that caused unnecessary injuries and/or (illegible) punishment in violation of plaintiff's constitutional rights.

This is a class action and individual lawsuit claim action, filed by I, Vaughn Harris, * pretrial prisoner, on behalf of the injured Metropolitan Government of Nashville and Davidson County, Tennessee, from 2014 to today of 2019, and the Davidson County Sheriff's Office, employees of the, for compensatory, punitive, and injunctive relief damages under 42 U.S.C. §1983, for deliberate delay, denial, and neglect of providing timely requested, prescribed, notified, medical care and law library materials to I, Harris, and other pretrial prisoners in their custody, in violation of our first, fifth, and fourteenth Amendment Rights of the United States Constitution, we were entitled to under the Due Process Clause of the fourteenth Amendment of the United States Constitution, but were denied by persons and entities working under color of state law. Also we plaintiff's allege and claim tort's of assault and battery, deliberate denial, and delay of being given medical care by the defendants under municipality policy, custom, and law, (Tennessee Code Annotated 29-20-205), in violation of our same Due Process Rights of the fourteenth Amendment of the United States Constitution, we were entitled to, but were denied by persons and entities working under color of state law. Damages requested.

Therefore, I, Vaughn Harris, request that the court grant the following damages + relief: *** ① Expunge all disciplinary convictions in Harris's pretrial record. relief to I, Harris: (1) Issue an injunction ordering the defendants to immediately arrange for the plaintiff to be given all restorative dental treatment + needed after I, Harris am referred to another cosmetic dentist or dental agent, restoration specialist. ② Issue an order to have all named defendants guilty of deliberate abuse pay punitive and compensatory damages to I, Harris in a relief amount of $350,000.00 for the physical and emotional damages I sustained from the defendants abuse. ③ Have the Federal United States Government take over the running of this prison for 10 years. ④ Issue an injunction order and declaratory judgment order stating that my rights were violated by the defendants and that they all named parties have to pay all awarded monetary damages jointly and severally to I and other plaintiff's using comparative fault principles to pay us plaintiff's. ⑤ That the court order that the pending case for me, Vaughn Harris, be dismissed on the grounds of violation of Due Process and illegal injury, torture, and punishment before conviction, case number 2011-D-3475, ⑥ Award punitive and compensatory damages to all other plaintiff's in relief they are entitled to.  η

This lawsuit and class action suit also covers All Acts of abuse carried out by the ("M.ETR.O.") defendant(s) against pretrial prisoner, Vaughn Harris, #98865, and other ("By injured, METRO.") FROM 2014 pretrial prisoners up thru to the date of today in 2019 and until these injuries are fully redressed by the Courts and damages are awarded to the plaintiffs for injuries sustained or inflicted from the defendants unconstitutional torture, punishment, and abuse of these pretrial ("METRO.") prisoner plaintiffs. This includes injuries from delay and All Assault and battery, and medical deliberate neglect, and legal mail and documents impedment or destruction or confiscation performed From 2014, to by the defendants in the entire year of 2019. Such as the assault and battery inflicted by KEIANA BURGESS on date 7-29-2019, the denial of Blood Pressure, Amber Perkins → even though the medications were Available) medications by on date 4-26 or 27-2019, denied dentle care by Annalisa Smith on date 3-15-2019, dentle care avoided for teeth 5-13-2019 for teeth 4,5,6,7,8, deposition Recruitment letter and questions for my Lawyer confiscated or destroyed by D.C.S.O. Case Manager M. Jones of L'unit, saw dentist she still refused ("Dleanville") referral 6-24-2019 to 6-28-2019 and Lied to me again, Drkaysha Lewis and other unnecessary abuses inflicted by the municipality and it's employees and agents from 2014 thru 2019 of today by the defendants to as pretrial prisoner plaintiffs. This lawsuit also consist of all events documented and undocumented that transpired or occured in case 3:15-cv00356 Docket Entries 1 thru 335 ("PLAINTIFF ONLY") And Any other incidents of abuse that happened to the plaintiffs from 2014 thru 2019 until this case is resolved. We plaintiffs also ask for tolling of the statute of limitations on these cases due to due process clause violations and constitutional violations that were carried out deliberately by the defendants under the ("METRO.") municipality's (Tenn. Code Annotated) from 2014 thru 2019 Abuse law, (29-20-205 ), by persons working under color of state law, in violation of the plaintiffs entitled to ("Constitutional") Rights. 8

MOTION TO TOLL THE STATUTE OF LIMITATIONS ON TENNESSEE

LAWSUITS DUE TO DUE PROCESS VIOLATIONS EXECUTED UNDER LAW

(TENN. CODE ANNOTATED) BY THE METROPOLITAN GOVERNMENT OF NASHVILLE
29-28-305

AND DAVIDSON COUNTY, TENNESSEE AND ITS EMPLOYEES AND AGENTS

FROM 2015 TO TODAY OF 2019 AGAINST PRETRIAL PRISONES IN THIER

CUSTODY- WHICH CAUSED INJURIES TO THESE PERSONS AND THIER

FILED LAWSUITS OR THIER ATTEMPTS TO FILE A LAWSUIT FROM 2015

TO 2019 OF TODAY OR THIER ATTEMPTS TO FILE A NONFRIVOLOUS SUIT

AGAINST THE DEFENDANTS METRO." OR IT'S AGENTS AND STAFF

FROM 2015 TO 2019-INCLUDING ALL DOCKET ENTRIES FILED

IN CASE 3:15-cv-00356 [1 THRU 335] AND THE USING OF

ALL THOSE LAWSUITS AND DOCKET ENTRIES IN THIS RETRO-

ACTIVE CLASS ACTION LAWSUIT PRIVIOUSLY FILED AS

INDIVIDUAL JOINT CASES DUE TO THE DEFFENDANTS WITH HOLD-

ING ADEQUATE LEGAL RESEARCH MATERIALS IN A TIMELY

MANNER TO THE PLAINTIFFS IN DAVIDSON COUNTY

SHERIFF'S OFFICE PRETRIAL PRISON CUSTODY

  We the pretrial prisoners of the Metropolitan Govern-
ment of Nashville and Davidson County, Tennessee Ask that
the Court for the Middle District of Tennessee toll the
statute of limitations on All injury lawsuits filed Against
"Metro." And its Agents from 2015 to 2019. Some Requesting A
class Action lawsuit that was filed And Attempted litigated
by I, VAUGHN Harris, Robert Frooster, and several other
pretrial prisoners of "Metro." from 2015 until to day of 2019
but were impeded and halted from filing Non frivolous
lawsuits; because the municipality and it's employees execut-
ed An Abuse policy, custom, And law (29-20-205 Annstated), to deny
us Adequate federal law library Materials so we were unable
to file Non frivolous suits in A meaningful timely manner to the
court These defendants violated All of our Due Process Rights of the
14TH Amendment of the United States Constitution, by persons working under color of
Nashville, Tennessee state law.

                                                                                          9

MOTION·FOR·PERMISSIVE JOINDER OF PARTIES AND CASES AND TOLLING OF THE STATUTE OF LIMITATIONS ON ALL INJURY LAWSUITS FILED FROM 2015 TO 2019 OF TODAY AGAINST THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE OR IT'S EMPLOYEES OR AGENTS OF MEDICAL CARE UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 20(a)(1)(A)(B) AND 20(2)(A) OR 21(B)(3), BUREOFD OF TENN, 845 SW 2d 204, 208 (TENN. 1992) 23(a) AND 23(a) AND UNDER TENN. Code ANNOTATED 940-30-102(b)(1)(3)(2003)

Because the defendant municipality and it's agents, executed policy, custom, and law, (Tennessee Code 27-20-205), and with held adequate law library materials from us the plaintiffs, in a deliberate act for the last 5 years, in order to prevent us (METRO-NASHVILLE, TENNESSEE) pretrial prisoner plaintiff's from filing a NON-frivolous-e lawsuit CASE or classaction against the defendants for their action's in a timely manner and impede effective meaning-ful rebut of the state or county's or municipality's or it agents or the courts claims or response, which violated all our Due Process Rights and violated our 1st, 4th, 5th 8th and 14th amendment United States Constitution, and caused all us plaintiffs to suffer injury and prejudice of our cases for the court, because of inability to access reasonable timely legal resources." If the right of Court access ended with the filing of a complaint, rebutting the state's response would not be part of the right." Bounds v. Smith, 430 U.S. 817, 825-26, 975.ct. 1491 (1977). We ask that all these prior cases be joined as a classaction with case 3:15:cv-00356 and this current pleading (lawsuit) case) and all current pending cases of suit against the defendants. Also our legal filings to the Court were altered or destroyed by the defendants under policy (Tenn Code Ann. 27-20-205(1)), abuse, that injured our prior cases deliberately by the defendants, and they altered and fabricated evidence to destroy our meritorious legal claims." An incarcerated pretrial prisoner may not meaningfully exercise his right to repre-sent himself without access to complete lawbooks, witnesses, and other legal tools to effectively prepare and respond and plead his legal case to the court in a meritorious. WAY". Interference with the right of court access by state agents who intentionally conceal the true facts about a crime may be actionable as a deprivation of constitutional rights. Swekel v. City of River Rouge 119 F.3d 1259-64 (6th cir 1997).

10

MEMMORANDOM OF LAW IN SUPPORT OF TOLLING THE LIMITATIONS STATUTE
MOTION TO HAVE THE STATUTE OF LIMITATIONS TOLLED
ON ALL INJURY CASES FILED AGAINST METRO NASHVILLE AND ITS AGENTS FROM 2015 TO 2019
FOR JUST CAUSE DUE TO DUE PROCESS VIOLATIONS BY THE
DEFENDANTS AND BASED UPON NEW SCIENTIFIC EVIDECE SHOWING
PLAINTIFFS WERE INJURED BY BEING DENIED REASONABLE LEGAL MATERIALS (OR DAVIDSON COUNTY SHERIFFS OFFICE EMPLOYEES AND AGENTS OR COUNSEL)
TO ASSERT ★MEANINGFUL CLAIMS AND RESPONSES WITH ADEQUATE LEGAL
COUNSEL AND WERE DENIED ADEQUATE DUE PROCESS IN A
TIMELY MANNER AND IN MEANINGFUL WAY TO CASES FILED AGAINST
THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNE-
SSEE OR IT'S EMPLOYEES OR AGENTS FROM 2015 TO 2019 OF TODAY BY PLAINTIFF

★ A COURT MAY CONSIDER AN UNTIMELY petition for post-con-
viction relief, if applying the statute of limitations would
deny the petitioner due process. ★ Burford v. STATE of Tenn.,
845 S.W.2d 204, 208 (Tenn. 1992) (holding that due process
required tolling the statute of limitations where the petition-
er's private interest to attack his incarceration would deprive
him by denying him a constitutional right that outweighed the states
interest in preventing the litigation of stale and groundless claims.

★ SEALS v. STATE of TENN, 23 S.W. 3d 272, 279 (Tenn. 2000) (holding that
due process requires tolling of the statute of limitations where a
petitioner is denied the reasonable opportunity to assert a claim in
a meaningful time and manner, or due to mental incompetence,
or denial of adequate acess of adequate LAW Research materials to the
plaintiff in a timely manner.

★ HOUSE v. Tenn. STATE, 911 S.W.2d 705, 711 (Tenn. 1995) (citing Mathews v. Eld-
ridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed. 2d 18 (1976) The fund-
amental requirment of due process is the opportunity to be heard
at a meaningful time and in a meaningful manner with
meaningful legal representation to present a meaningful
legal claim non-frivolously to the court.

All pretrial prisoners of Nashville, Tennessee that were injured or filed law
suits against Metropolitan Nashville and Davidson County, Tennessee Government or
it's employees or Agents for injuries sustained while in Davidson County Sheriffs
Office and Nashville, Tennessee Government custody from dates 2015 to 2019 of today request
tolling of the statute of limitations of our cases under DUE PROCESS grounds for the
deliberate violation of our 1st, 4th, 5th, 8th and 14th Amendment Rights of the U.S. Constitution by
the Metropolitan Government

MEMMORANDUM OF LAW AND SUPPORT *** MOTION TO TOLL THE STATUTE OF LIMITATIONS ON PRIOR LAWSUITS FILED FROM 2015 TO 2019 AGAINST THE DEFENDANTS, METRO."

Under the Post-Conviction Procedure Act, exceptions to the statute of Limitations Are set forth. These exceptions Are; (1) claims based upon A new rule of constitutional law applicable to A petitioners case; (2) claims based upon new scientific evidence showing innocence; (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. see Tenn. Code Ann. 40-30-102(b)(1)-(3) (2003) The Metro. staff and agents violated all our pretrial prisoner Due Process Rights by denying us access to adequate legal/law library materials and medical care and by letting Defendant PARTIES punish us under law custom, code ANN, by the ABSTRACT and battery and deliberate medical and dentle neglect. Because the defendants violated plaintiffs Due Process Rights of the 1st and 14th Amendment Rights of the United States Constitution, the statute of limitations on our legal civil suit claims of our cases from 2015 to 2019 should be tolled, and be given classaction status by the court by motion and just cause and in the interest of justice.

PLAINTIFF CLASS PARTIES FOR the CLASSACTION: DOCKET ENTIES I filings CASE 3:19 cv-00356 FILED

The plaintiffs to this class action lawsuit Aire: VAUGHN HARRIS 98306, BOBBY MOSLEY 533268, Denevie Bell 247845, Dustin stanton 257713, Joespeh Luckett, Robert Froster, And other pretrial prisoners by the Metropolitan Government of Nashville And Davidson County, Tennessee and were injured by medical care delay or denial of requested, prescribed, or forseeable medical care or denial of Adequate law library Access And Assault and battery Abuse from 2015 to currently of 2019 And into the future by the defendants execution of the Nashville, Tennessee Municipality's policy, custom, and Law, Tennessee Code Annotated 29-20-205, Abuse inflicted Against pretrial prisoners to cause injuries or impede access to the Courts And benefit of justice. All plaintiffs must be sought from the defendants D.C.S.O. records (Aigances) D.C.S.O records files, grievance records, Medical request files And dentle request files And dentle And medical c.c.s. c.c.s.o Files And grievance records And Appeals And medical grievances And death records. All Are or were pretrial prisoners of the Metropolitan Government of Nashville And Davidson County, Tennessee And the Davidson County Sheriffs Office pretrial prisoners from

12

Suit Defendants Listed BELOW AND ON NEXT PAGES

1. The Metropolitan GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE
2. City of Nashville, Tennessee  26. JAMIE JOHNSON
3. Correct Care Solutions  27. RUBY JOYNER
4. MELINDA STEPHENS  28. TYLER SAGGS  50.  HIGGINS
5. Dr Krystal Lewis  29. M.  C  COOK  51. JACOB BIANCHI
6. Jenny Jaynes  30. T.  LEVY  52. JENNIFER COBBS
7. Tom WEBB  31. Austin DALE  53. A.  BUCHANAN
8. JEANETTE PAGE  32. T  HINDSLEY  54. MELISSA HICKS
9. JAN REBAR  33. CLARK SARGENT  55.  RUTLEDGE
10. AARON CASKEY  34. SEAN BEACH  56. CORRECT CARE SOLUTION MEDICAL CONTRACTS AGENTS
11. MICHELLE RAGLAND  35. M.  GRAULAU 57. AND EMPLOYEES AND STAFF -etc...
12. APRIL MC QUEEN  36. M.  HEDGWOOD  92. 92.  SHAVON
13. LOREENA Williams  37. ANNALISA SMITH  97. CANDY HILL
14. JEFF (LAST NAME UNKNOWN)  38. NICHOLAS PALLAK  98. C.  Mackey
15. Austin Bodie  39. DAVID BRYANT  99.  Skelton
16. DARON HALL  40. THOMAS CONRAD
17. CATHERINE FITZWATER  41. JERRY RAMSEY  100. LPN. JEFF (LAST NAME UNKNOWN)
18. KENITA THOMAS  42. RICHARD GRANT  Full Names that Are
19. M.  JONES  43. LT.  DIAL  UNKNOWN Now will
20. JUSTIN WEBB  44. S.  PRICE  BE ENTERED LATER
21. KEIANA BURGESS  45. SARA VARDELL  BY APPOINTED COUNSEL
22. BRIAN EICHSTAEDT  46. X  SIGBS  ONCE THE FULL NAMES
23. RONNIE DAVIS  47. JAMES HENDRY  ARE RELEASED BY
24. DEBRA DIXON  48. MICHAEL MARTINEZ  THE DEFENDANTS UNDER DISCOVERY.
25. GRAVISSE EARL  49. CHRIS BROWN

DAVIDSON COUNTY SHERIFFS OFFICE PRETRIA PRISON MEDICAL AGENTS EMPLOYED IN ASSISTANCE BY CORRECT CARE SOLUTIONS FOR THE DAVIDSON COUNTY METRO. NASHVILLE TN D.C.S. & AND

All defendants Are being sued in their individual and official capacities. All are employees or Agents of the Davidson County Sheriffs Office + 448 2nd ave North, Nashville, TN 37201, or D.S.C.S. O.-T., & MEDICAL AGENTS EMPLOYED BY THE D.C.S. O. AND METRO. or Correct Care Solutions, 1283 MURFREESBORO ROAD, SUITE 500, NASHVILLE, TN 37217, And Dr. Krystal Lewis And Jenny Jaynes - DenTLe Care Agents of Correct Care Solution's For The METRO. DAVIDSON COUNTY SHERIFF'S OFFICE PRETRIAL PRISON FROM 2014 thru 2019. ALL CAN be given SUMMONS AT THE DAVIDSON COUNTY SHERIFF'S OFFICE PRETRIAL PRISON OR CORRECT CARE SOLUTIONS FOR ANY OF THE MEDICAL OR DENTLE CARE EMPLOYEES OR AGENTS. 98 thru 180. All other DAVIDSON COUNTY SHERIFF'S OFFICE OR EMPLOYEES OR AGENTS of METRO or the D.C.S.O. CORRECT CARE Solutions 3

13 A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE** *APP. CASE 17-5502*
*19- 5041*

VAUGHN HARRIS,                          )
                                        )
        Plaintiff,                      )    No.: 3:15-cv-00356
v.      *D, C, S, O.*                   )    **Judge Sharp**
                                        )    **Magistrate Judge Brown**
CORRECT CARE SOLUTIONS, ET AL.,         )
                                        )    **JURY DEMAND**
        Defendants.                     )

---

### DEFENDANT CORRECT CARE SOLUTIONS, LLC RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Correct Care Solutions, LLC (hereinafter "CCS" or "Defendant") by and through counsel, hereby responds to the Plaintiff's Requests for Production Documents as follows:

*photos not given – Must Have !*

1.      The full names with photos of all medical staff and dental staff in color that provided any medical or dental care to me, Vaughn Harris #988655 in the year of 2015 and any medical supervisors that affected the care given to me the plaintiff by Correct Care Solutions.

**RESPONSE: Defendant objects to this Request as it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, Defendant objects to producing photographs of CCS' dental and medical staff. Without waiver of said objection, CCS identifies the following dental and medical staff who was involved in Plaintiff's dental and medical care in 2015:**

| | |
|---|---|
| 56 Krystal A. Lewis, D.D.S (Dental Staff) | 66 Connie Knott, L.P.N. (Medical Staff) |
| 57 Jenny Jaynes, D.A. (Dental Staff) | 67 Timothy Dannels, L.P.N. (Medical Staff) |
| 58 Roberta Burns, M.D. (Medical Staff) | 68 Tracy Davis, L.P.N. (Medical Staff) |
| 59 David Miller, N.P.-C (Medical Staff) | 69 Chelsea Adkins, L.P.N. (Medical Staff) |
| 60 Catherine Fitzwater, R.N. (Medical Staff) | 70 GeGe Larkins, L.P.N. (Medical Staff) |
| 61 Loreena Williams, R.N. (Medical Staff) | 71 Aubree Hoyt, L.P.N. (Medical Staff) |
| 62 Lisa Harrold, L.P.N (Medical Staff) | 72 Tammy Ruck, R.N. (Medical Staff) |
| 63 Jeanette Page, L.P.N. (Medical Staff) | 73 Ashleigh Mosely, L.P.N. (Medical Staff) |
| 64 Bessie Ross, L.P.N. (Medical Staff) | 74 April McQueen, L.P.N. (Medical Staff) |
| 65 Amber Perkins, L.P.N. (Medical Staff) | 75 Ashley Pomales, L.P.N. (Medical Staff) |

*73 B*

76 **Christopher Oden, L.P.N. (Medical Staff)**
77 **Kayla Hickerson, L.P.N. (Medical Staff)**
78 **Aaron Caskey, L.P.N. (Medical Staff)**
79 **Heather Kane, R.N. (Medical Staff)**
80 **Travis Ragland, L.P.N. (Medical Staff)**
81 **Theresa Johnson, R.N. (Medical Staff)**
82 **Michelle Ragland, L.P.N. (Medical Staff)**
83 **Calista Doll, R.N. (Medical Staff)**
84 **Nichole Kaas, R.N. (Medical Staff)**
*boot Atte Nurse* 85 **Agustin Villanueva, R.N. (Medical Staff)**
86 **Sheena Simon, R.N. (Medical Staff)**

87 **Carlton Nance, L.P.N. (Medical Staff)**
88 **Carla Sowell, L.P.N. (Medical Staff)**
89 **Danielle Lovell, L.P.N. (Medical Staff)**
90 **Kayla Hickerson, L.P.N. (Medical Staff)**
91 **Judd Bazel, M.D. (Medical Staff)**
92 **Aaron Caskey, L.P.N (Medical Staff)**
93 **Lindsey Vallett, L.P.N. (Medical Staff)**
94 **Louise Ashworth, L.P.N. (Medical Staff)**
95 **Jan Rebar, R.N. (Medical Staff)**
*Help* 96 **Karen King, R.N. (Medical Staff)**

2.      The full names and duties of each superior management staff of the Davidson County Sheriff's Office that effect the care and management or grievances of the detainees at the D.C.S.O. jail.

**RESPONSE: Defendant does not possess information responsive to this Request.**

3.      The plaintiff request that all grievances made against officers and dental and medical staff at the Davidson County Sheriff's Department for the year of 2015 be given to the plaintiff, also that all dental grievances be given also, Harris's November 2015 and December 2015 medical records be released to him. Especially Dr. K. Lewis and C.C.S. medical staff and D.C.S.O. officers.

**RESPONSE: Defendant objects to this Request as it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of said objection, Defendant produces a copy Plaintiff's medical/dental related grievances as well as a summary of his grievances with the responses from 2015. Defendant also produces a copy of Plaintiff's medical records from November and December 2015.**

4.      That all grievances made against all named D.C.S.O. agents be turned over to the plaintiff to show a pattern of deliberate indifference to inmate detainees 14th Amendment Civil Rights.

**RESPONSE: Defendant does not possess information responsive to this Request.**



2

PARTIES CONTINUED - THE DEFENDANTS ARE "METRO." and it's staff and agents from 2014 to 2019 of today and until the plaintiff's injuries and damages are redressed by the Courts.

MOTION FOR LEAVE OF COURT TO PLEAD ALL (SUPPLEMENTAL) PLEADINGS FILED BY I. HARRIS IN CASE 3:15-CV-00356 FROM DOCKET ENTRIES [1-through-ALL-338] MADE BY PLAINTIFF ONLY AND THE JOINDER OF ALL PLAINTIFFS IN ALL THOSE PLEADINGS TO THIS CURRENT CLASS ACTION LAWSUIT CLAIM ACTION UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE-18(a) and 15 and a MOTION TO ADD ALL OTHER PLAINTIFFS LAW-SUIT PLEADINGS AGAINST METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE OR ITS AGENTS OR STAFF FROM 2014 TO TODAY OF 2019 UNDER Fed.R.Civ.P. RULE 18(a) AND 19 AND 15 (a)(b) RULE 18. JOINDER OF CLAIMS ]

Fed.R.Civ.P.
Rule 18(a) IN GENERAL, A party asserting a claim, counterclaim, cross claim, or third party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

Fed.R.Civ.P.-18(b) A party may join two claims even though one of them is contingent on the disposition of the other, but the court may grant relief only in accordance with the parties' relative substantive rights. IN particular, A plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money.

We the plaintiffs of all pretrial prisoner lawsuits filed against the defendants the METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE And it's D.C.S.O. STAFF AND it's MEDICAL CARE AGENTS AND STAFF OF CORRECT CARE SOLUTIONS And DR KRYSTAL LEWIS AND JENNY JAYNES And any other employees of these entities request the Joinder of all these legal suits into A Retroactive Class Action Lawsuit Against the defendants from 2015 to today of 2019 and CASE 3:15-CV-00356 And All Docket Entries [1 thru 336] Filed by the plaintiff in that case.

MOTION FOR LEAVE OF COURT FOR PERMISSIVE JOINDER OF PARTIES TO THIS CLASS ACTION SUIT UNDER FEDERAL RULES OF CIVIL PROCEDURE - RULE 20(a)(1)(A)+(B),18(a),19,15(a)+(c)

All pretrial prisoners of the Metropolitan Government of Nashville, Tennessee who were injured due to medical neglect and Assault and Battery And denied and Adequate access of and use of Federal Legal Materials from 2015 to 2019 of today are requested to this suit And CASE 3:15-CV-00356.

14

MOTION FOR LEAVE OF COURT TO AMEND OR PLE AN SUPPLEMENTAL
PLEADINGS UNDER FEDERAL RULES OF CIVL PROCEDURE RULE-15(a)(2)(1)
15(b)(i), and 15(c) and 15(d) And TN. R. Civ. P. Rule LR 7.01

Fed. R. Civ. P. Rule 15 AMENED AND SUPPLEMENTAL PLEADINGS
*(a) Amendments Before Trial:
(1) A party may amend its pleading once as a matter of course
within: (A) 21 days after serving it, or
(B) 21 day after service if the pleading requires a response.
(2) In All other cases, a party may amend its pleading only
with the opposing party's written consent or the courts leave. The
court should freely give leave when justice so requires.
(3) Time to Respond. Unless the court orders otherwise, any
required response to an amended pleading must be made within the
time remaining to respond to the original pleading or within 14 days
after service of the amended pleading, whichever is later.
*(b) Amendments During And After Trial: *(1) BASED ON AN Objection At TRIAL.
(1) If, at trial, a party objects that evidence is not within the issues raised in
the pleadings, the court may permit the pleadings to be amended. The court
should freely permit An amendment when doing so will aid in presenting the
merits and the objecting party fails to satisfy the court that the evidence
would prejudice that party's action or defense on the merits. The court
may grant a continuance to enable the objecting party to meet the evidence.
(2) For Issues Tried by Consent. When an issue not raised by the pleadings
is tried by the parties express or implied consent, it must be treated in All respects
As if raised in the pleadings. A party may move - at any time, even after judgment
- to amend the pleadings to conform them to the evidence and to raise an
unpleaded issue. But failure to amend dose not affect the result of the trial of that
issue.
*(c) Relation Back of Amendments: continued on Next page 15(c)(i)
(A), (B), (C), (i), (ii), (2)

1 of 2
15

Federal Rules of Civil Procedure - Rules 15(c)(1)(A),(B),(C),(i),(ii),(2)
And 15(d) -- continued

★ Fed. Rules Civil Procedure-Rule 15(c) Relation Back of Amendments: ★
(1) When An Amendment Relates back. An amendment to a pleading re-
lates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation
back; (B) the amendment asserts a claim or defense that arose out of
the conduct, transaction, or occurrence set out-or attempted to be set out- in
the original pleading; or (C) the amendment changes the party or the
naming of the party against whom a claim is asserted, if Rule 15(c)(i)(B) is sat-
isfied and if within the period provided by Rule 4(m) for serving the summ-
ons and complaint, the party to be brought in by amendment: (i) recieved such
notice of the action that it will not be prejudiced in defending on the merits;
and (ii) knew or should have known that the action would have been
brought against it, but for a mistake concerning the proper party's identity.
(2) Notice to the United States. When the United States or a United States
officer or agency is added as a defendant by amendment, the notice re-
quirements of Rule 15(c)(1)(C)(i) And (ii) are satisfied if, during the stated
period, process was delivered or mailed to the United States Attorneys
designee, to the Attorney General of the United States, or to the officer
or agency. ★ Fed. Rules Civil Procedure-Rule 15(d) ★ SUPPLEMENTAL PLEADINGS ★
(d) SUPPLEMENTAL PLEADINGS. On motion And reasonable
notice, the court may, on just terms, permit a party to serve a supplemen-
tal pleading setting out any transaction, occurrence, or event that happened
after the date of the pleading to be supplemented. The court may permit
supplementation even though the original pleading is defective in stating
A claim or defense. The court may order that the opposing party plead to
the supplemental pleading within a specified time. (Amended 1-21-1963,
effective 7-1-1963; 2-28-1966, effective 7-1-1966; 3-2-1987, effective 8-1-1987; 4-30-1991,
effective 12-1-1991; Amended by Pub.L. 102-198, §11, 12-9-1991, 105 stat. 1626; Amended
4-22-1993, effective 12-1-1993; 4-30-2007, effective 12-1-2007; 3-26-2009, effective 12-1-2009
★ MOTION TO ORDER A STAY ON CRIMINAL CASE (2011-D-3475 continued to 2019)
DISMISSAL OR
UNTIL THIS CONSTITUTIONAL RIGHTS TRIAL IS COMPLETED UNDER 14TH Amd U.S.C. Rights of the

16

✱ Motion To PLEAD SUPPLEMENTAL PLEADINGS WITH LEAVE OF COURT UNDER Federal RULES OF CIVIL PROCEDURE RULE-15(d) ✱ MEMORANDOM OF LAW IN support of MOTION ✱

ON Motion And reasonAble Notice, the court MAY, ON just terms, permit A party to serve A supplemental pleading, setting out ANY TRANSACTION, occurrence, or event that happened After the date of the pleading to be supplemented. The court MAY per- mit supplementation even though the original pleading is de- fective in stating a cLAIM or defense. The court MAY order that the opposing party plead to the supplemental pleading with- in a specified time.

✱ MOTION FOR PERMISSIVE JOINDER OF PARTIES UNDER Federal RulS OF CiviL Procedure - RuLe 20(a)(1)(A)+(B) (MEMORANDOM OF LAW IN SUPPORT OF A MOTION PAGE 18)

This motion request the Court To Allow joinder of All injury Lawsuits filed Against the METROPOLITAN Government of NAShville And DAVidson County, Tennessee And its Agents and staff from the year 2015 to 2019 of today, for injuries suffered from the defendants execution of LAW inflicted Against those plAintiffs As Abuse, And we request tolling of the statute of limitations (TENN Code Annotated) 29-20-205, of these cases requested for joinder.

✱ Motion FOR Certification of the CLASS IN This CLASSACTION LAWSUIT UNder Federal Rules of Civil Procedure - RuLe 23(a)(1),(2),(3),(4),(B)(2)(3) 23(A)(1)(B)(3)(A),(B),(C),(D) ≤ 23(b)(1)(B)(3)(A),(B),(C),(D) (MEMORANDOM OF LAW IN support of MOTION PAGE 18 AND 19)

The certification order implicates A legal question About which there is A compelling need for immediate resolution. And the district courts decision is questionable, And the defendants deliberately withheld Access to Adequate legal materials from I, HArris, And other plAintiffs until the statute of limitations were exhausted by execution of the municipality's Abuse policy, custom, And LAW, TENN. Code Annotated 29-20-205, which frustrated, impeded, And impaired All cLAss members Attempts to file A (NON frivolous) cLAssACTion in our originAL filings from 2015 up until today of 2019. The cLAss consist of All pretriAL prisoners of the Metropolitan Government of NAShville And DAVidson County, Tennessee who were injured, from 2015 until 2019 And into the future by the municipality, its policy makers, And its Agents

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

**(c) Pleading the Reasons for Nonjoinder.** When asserting a claim for relief, a party must state:

(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and

(2) the reasons for not joining that person.

**(d) Exception for Class Actions.** This rule is subject to Rule 23.

(Amended February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

## RULE 20. PERMISSIVE JOINDER OF PARTIES

**(a) Persons Who May Join or Be Joined.**

(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:

    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all plaintiffs will arise in the action.

(2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all defendants will arise in the action.

(3) *Extent of Relief.* Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

**(b) Protective Measures.** The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

(Amended February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

## RULE 21. MISJOINDER AND NONJOINDER OF PARTIES

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

(Amended April 30, 2007, effective December 1, 2007.)

## RULE 22. INTERPLEADER

**(a) Grounds.**

(1) *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

    (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

    (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

(2) *By a Defendant.* A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

**(b) Relation to Other Rules and Statutes.** This rule supplements—and does not limit—the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to—and does not supersede or limit—the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

(Amended December 29, 1948, effective October 20, 1949; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

## RULE 23. CLASS ACTIONS

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

    (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

**(c) Certification Order; Notice to Class Members; Judgment; Issues Classes; Subclasses.**

(1) *Certification Order.*

(A) *Time to Issue.* At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

(B) *Defining the Class; Appointing Class Counsel.* An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).

(C) *Altering or Amending the Order.* An order that grants or denies class certification may be altered or amended before final judgment.

(2) *Notice.*

(A) *For (b)(1) or (b)(2) Classes.* For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class.

*[Text of subdivision (c)(2)(B) opening paragraph effective until December 1, 2018, absent contrary Congressional action.]*

(B) *For (b)(3) Classes.* For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

*[Text of subdivision (c)(2)(B) opening paragraph effective December 1, 2018, absent contrary Congressional action.]*

(B) *For (b)(3) Classes.* For any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

(3) *Judgment.* Whether or not favorable to the class, the judgment in a class action must:

(A) for any class certified under Rule 23(b)(1) or (b)(2), include and describe those whom the court finds to be class members; and

(B) for any class certified under Rule 23(b)(3), include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members.

(4) *Particular Issues.* When appropriate, an action may be brought or maintained as a class action with respect to particular issues.

(5) *Subclasses.* When appropriate, a class may be divided into subclasses that are each treated as a class under this rule.

**(d) Conducting the Action.**

(1) *In General.* In conducting an action under this rule, the court may issue orders that:

(A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;

(B) require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of:

(i) any step in the action;

(ii) the proposed extent of the judgment; or

(iii) the members' opportunity to signify whether they consider the representation fair and adequate, to inter-

Case 3:19-cv-00735   Document 1   Filed 08/19/19   Page 21 of 27 PageID #: 21

vene and present claims or defenses, or to otherwise come into the action;

(C) impose conditions on the representative parties or on intervenors;

(D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or

(E) deal with similar procedural matters.

(2) *Combining and Amending Orders.* An order under Rule 23(d)(1) may be altered or amended from time to time and may be combined with an order under Rule 16.

*[Text of subdivisions (e) and (f) effective until December 1, 2018, absent contrary Congressional action.]*

(e) **Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

(f) **Appeals.** A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

*[Text of subdivisions (e) and (f) effective December 1, 2018, absent contrary Congressional action.]*

(e) **Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

(1) *Notice to the Class.*

(A) Information That Parties Must Provide to the Court. The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.

(B) Grounds for a Decision to Give Notice. The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:

(i) approve the proposal under Rule 23(e)(2); and

(ii) certify the class for purposes of judgment on the proposal.

(2) *Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

(3) *Identifying Agreements.* The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) *New Opportunity to be Excluded.* If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) *Class–Member Objections.*

(A) *In General.* Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.

(B) *Court Approval Required for Payment in Connection with an Objection.* Unless approved by the court after a hearing, no payment or other consideration may be provided in connection with:

(i) forgoing or withdrawing an objection, or

(ii) forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal.

(C) *Procedure for Approval After an Appeal.* If approval under Rule 23(e)(5)(B) has not been obtained before an appeal is docketed in the court of appeals, the

Case 3:19-cv-00735    Document 1    Filed 08/19/19    Page 22 of 27 PageID #: 22

procedure of Rule 62.1 applies while the appeal remains pending.

**(f) Appeals.** A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered, or within 45 days after the order is entered if any party is the United States, a United States agency, or a United States officer or employee sued for an act or omission occurring in connection with duties performed on the United States' behalf. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

**(g) Class Counsel.**

(1) *Appointing Class Counsel.* Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

(A) must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class;

(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

(E) may make further orders in connection with the appointment.

(2) *Standard for Appointing Class Counsel.* When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

(3) *Interim Counsel.* The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

(4) *Duty of Class Counsel.* Class counsel must fairly and adequately represent the interests of the class.

**(h) Attorney's Fees and Nontaxable Costs.** In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision

(h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) A class member, or a party from whom payment is sought, may object to the motion.

(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

(Amended February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 24, 1998, effective December 1, 1998; March 27, 2003, effective December 1, 2003; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009; April 26, 2018, effective December 1, 2018, absent contrary Congressional action.)

## RULE 23.1. DERIVATIVE ACTIONS

**(a) Prerequisites.** This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association.

**(b) Pleading Requirements.** The complaint must be verified and must:

(1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;

(2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and

(3) state with particularity:

(A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and

(B) the reasons for not obtaining the action or not making the effort.

**(c) Settlement, Dismissal, and Compromise.** A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

(Adopted February 28, 1966, effective July 1, 1966; amended March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

## RULE 23.2. ACTIONS RELATING TO UNINCORPORATED ASSOCIATIONS

This rule applies to an action brought by or against the members of an unincorporated association as a class by nam-

Case 3:19-cv-00735   Document 1   Filed 08/19/19   Page 23 of 27 PageID #: 23

ing certain members as representative parties. The action may be maintained only if it appears that those parties will fairly and adequately protect the interests of the association and its members. In conducting the action, the court may issue any appropriate orders corresponding with those in Rule 23(d), and the procedure for settlement, voluntary dismissal, or compromise must correspond with the procedure in Rule 23(e).

(Adopted February 28, 1966, effective July 1, 1966; amended April 30, 2007, effective December 1, 2007.)

## RULE 24. INTERVENTION

(a) **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) **Permissive Intervention.**

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

(3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

(c) **Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

(Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007.)

## RULE 25. SUBSTITUTION OF PARTIES

(a) **Death.**

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

(b) **Incompetency.** If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative. The motion must be served as provided in Rule 25(a)(3).

(c) **Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

(d) **Public Officers; Death or Separation from Office.** An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

(Amended December 29, 1948, effective October 20, 1949; April 17, 1961, effective July 19, 1961; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

# TITLE V. DISCLOSURES AND DISCOVERY

## RULE 26. DUTY TO DISCLOSE; GENERAL PROVISIONS GOVERNING DISCOVERY

(a) **Required Disclosures.**

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable

Case 3:19-cv-00735   Document 1   Filed 08/19/19   Page 24 of 27 PageID #: 24

information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record;

(ii) a forfeiture action in rem arising from a federal statute;

(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

(v) an action to enforce or quash an administrative summons or subpoena;

(vi) an action by the United States to recover benefit payments;

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(viii) a proceeding ancillary to a proceeding in another court; and

(ix) an action to enforce an arbitration award.

(C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(D) *Time for Initial Disclosures—For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

(E) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) *Disclosure of Expert Testimony.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

(D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Case 3:19-cv-00735    Document 1    Filed 08/19/19    Page 25 of 27 PageID #: 25

Vaughn Harris
98865
PO Box 196383
Nashville, TN 37219





7006 0100 0005 9979 9158

RECEIVED
AUG 19 2019
U.S. District Court
Middle District of TN

RECEIVED
AUG 19 2019

Federal County Clerko Office
801 Broadway
Room 800
Nashville, TN 37203

